**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12-mj-8126-16-JPO |
| v. ) | |
| ) | No. 12-mj-8126-21-JPO |
| TRENT JORDAN PERCIVAL and ) | |
| JACOB PAUL FORBES, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the government's motions for review of the release orders for Trent Percival and Jacob Forbes. On June 26, 2012, the Court held a hearing on the motions. For reasons stated below, the Court finds that both defendants should be released on conditions pending trial.

**Procedural Background**

On June 11, 2012, Mike McAtee, a DEA Task Force Officer and Detective for the Lawrence, Kansas Police Department, filed a sworn complaint which charged Percival, Forbes and some 23 others with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii) and 18 U.S.C. § 2. After a detention hearing, Magistrate Judge James P. O'Hara ordered Mr. Percival and Mr. Forbes released on certain conditions. The government appeals the release orders.

**Standard Of Review**

The government may seek review of a magistrate judge's order of release. See 18 U.S.C. § 3145(a)(1). The district court reviews de novo a magistrate's order of release. See United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). The district court must make its own de novo

determination of the facts and legal conclusions with no deference to the magistrate judge's findings. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002). A de novo evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Dozal, No. 09-20005-08/12/24-KHV, 2009 WL 873011, at *1 (D. Kan. March 27, 2009) (citing United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f); Fed. R. Evid. 1101(d)(3). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See 18 U.S.C. § 3142(f).

## Standards For Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the Court must take into account the available information concerning –

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense for which the Controlled Substances Act, 21 U.S.C. § 801 et seq., prescribes a maximum prison term of ten years or more. See 18 U.S.C. § 3142(e); see also United States v. Stricklin, 932 F.2d 1353, 1354 (10th Cir. 1991) (upon finding of probable cause that defendant committed federal drug offense carrying maximum prison term of ten years or more, rebuttable presumption that no conditions of release will assure defendant's appearance and safety of community). The complaint charges defendants with conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana. Section 841(b)(1)(A) of the Controlled Substances Act imposes a minimum of 10 years and a maximum of life in prison for offenses involving 1,000 kilograms or more of marijuana, thereby triggering the rebuttable presumption for detention. United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990) (grand jury indictment provides probable cause required by statute to trigger presumption); see United States v. Carr, No. 07-40034-JAR, 2007 WL 2253200, at *6 (D. Kan. July 31, 2007).

Once the presumption arises, the burden of production shifts to defendant. Stricklin, 932 F.2d at 1354. Defendant's burden of production is not heavy, but defendant must produce some evidence. Id.; United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986) (to rebut presumption, defendant must come forward with credible evidence of something specific about charged criminal conduct or individual circumstances that tends to show that what is true in general is not true in particular case). Even if defendant meets the burden of production, the presumption remains a factor in determining whether to release or detain. Stricklin, 932 F.2d at 1354. "Thus the

-3-

mere production of evidence does not completely rebut the presumption, and in making its ultimate determination, the court may still consider the finding by Congress that drug offenders pose a special risk of flight and dangerousness to society." United States v. Holmes, No. 05-40066-01-SAC, 2007 WL 293907, at *2 (D. Kan. Jan. 29, 2007) (quoting United States v. Hare, 837 F.2d 796, 798-99 (5th Cir. 1989)) (footnote omitted).  The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community.  Lutz, 207 F. Supp.2d at 1251 (burden of persuasion regarding risk of flight and danger to community always remains with government).  The government must prove dangerousness to any other person or the community by clear and convincing evidence.  Id. at 1252.

## Analysis

The Court takes notice of the sworn complaint of Detective McAtee, the Pretrial Services Reports for both defendants and the record of the proceedings conducted by the magistrate judge.

**I.     Trent Percival**

   A.     Nature And Circumstances Of The Offense

As noted, because defendant is charged with a drug conspiracy which carries a minimum term of 10 years in prison, a rebuttable presumption of detention is triggered.  This factor favors detention.

   B.     Weight Of The Evidence

The evidence outlined in Detective McAtee's sworn complaint, which Percival does not dispute, suggests that the government has strong evidence that defendant was a participant in the alleged conspiracy.  This factor also favors detention.

### C. History And Characteristics Of Defendant

Defendant has lived in the Kansas City metropolitan area for some 23 years. He is married and has two children, ages 4 and 9. As a condition of release, defendant is willing to live with his mother, who resides in Olathe, Kansas.

Defendant has a criminal record. In 2000, he was convicted on a felony robbery charge in Kansas state court. The state charges stemmed out of an armed robbery. The state court sentenced defendant to 32 months in prison but granted him probation for 36 months. Defendant successfully completed 19 months of supervised probation and the state court terminated his probation at that point. Except for the 2000 conviction, defendant does not have any history of violence.

Defendant's strong family ties to Kansas suggest that he is not a flight risk. Defendant's history suggests that he would likely follow conditions of pretrial release.

### D. Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government has not shown by clear and convincing evidence that defendant would pose a risk of physical danger to the community. With the conditions outlined by the magistrate judge, the Court finds that defendant is not a danger to the community. Cf. United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community).

### E. Conclusion

Based upon the complaint, the record before the magistrate judge and the evidence proffered at the hearing on June 26, 2012, the Court concludes that Mr. Percival has rebutted the presumption

that no conditions of release which will ensure the safety of the community. From the record, it appears that a combination of conditions of release would reasonably assure Mr. Percival's presence at later proceedings and the safety of other persons and the community.

**II.     Jacob Forbes**

   A.     Nature And Circumstances Of The Offense

As noted, because defendant is charged with a drug conspiracy which carries a minimum term of 10 years in prison, a rebuttable presumption of detention is triggered. This factor favors detention.

   B.     Weight Of The Evidence

The evidence outlined in Detective McAtee's sworn complaint, which Forbes does not dispute, suggests that the government has strong evidence that defendant was a participant in the alleged conspiracy. This factor also favors detention.

   C.     History And Characteristics Of Defendant

Defendant has lived in the Lawrence, Kansas area for nearly his entire life. He lives with his parents who reside in Lawrence. As a condition of release, defendant is willing to live with his parents. Defendant has a history of substance abuse which primarily includes use of marijuana.

Defendant has a criminal record. In 2008, defendant was convicted of possession of marijuana in Kansas state court. The state court sentenced defendant to 12 months in prison and imposed an assessment of $3,223.40 for the Kansas drug tax. Except for 30 days, the state court gave defendant a suspended sentence and ordered him to serve six months of unsupervised probation. On April 26, 2012, defendant was charged with aggravated robbery in Kansas state court. The aggravated robbery charge remains pending.

Defendant's strong family ties to Kansas suggest that he is not a flight risk. Defendant has some history of violence but it appears that he would likely follow conditions of pretrial release.

### D. Danger To The Community

Before releasing defendant on any set of conditions, the Court must be satisfied that defendant will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government has not shown by clear and convincing evidence that defendant would pose a risk of physical danger to the community. With the conditions outlined by the magistrate judge, the Court finds that defendant is not a danger to the community. Cf. United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community).

### E. Conclusion

Based upon the complaint, the record before the magistrate judge and the evidence proffered at the hearing on June 26, 2012, the Court concludes that Mr. Forbes has rebutted the presumption that no conditions of release which will ensure the safety of the community. From the record, it appears that a combination of conditions of release would reasonably assure Mr. Forbes' presence at later proceedings and the safety of other persons and the community.

**IT IS THEREFORE ORDERED** that the government's Motion For Review Of Release (Doc. #79) filed June 18, 2012 be and hereby is **OVERRULED**. Trent Percival shall be released pending trial on the conditions set forth in the Order Setting Conditions Of Release (Doc. #113) filed June 18, 2012.

**IT IS FURTHER ORDERED** that the government's Motion For Review Of Release (Doc. #86) filed June 18, 2012 be and hereby is **OVERRULED**. Jacob Forbes shall be released

pending trial on the conditions set forth in the <u>Order Setting Conditions Of Release</u> (Doc. #127) filed June 18, 2012.

Dated this 27th day of June, 2012 at Kansas City, Kansas.

<u>s/ Beth Phillips</u>
BETH PHILLIPS
United States District Judge