## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | **No. 12-20083-16-KHV** |
| v. | ) | |
| | ) | **CIVIL ACTION** |
| TRENT PERCIVAL, | ) | **No. 15-9310-KHV** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

On April 28, 2015, the Court sentenced defendant to 120 months in prison.  This matter is before the Court on defendant's Motion To Vacate, Set Aside, Or Correct Sentence / Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2255 (Doc. #2095) filed October 9, 2015.  For reasons stated below, the Court sustains defendant's motion and vacates his sentence.

Defendant argues that at sentencing, the Court incorrectly applied the statutory minimum of ten years in prison.  In particular, defendant asserts that because he did not specifically admit that he was personally accountable for the threshold amount of marijuana or cocaine under 21 U.S.C. § 841(b)(1)(A), the Court should have sentenced him under either 21 U.S.C. § 841(b)(1)(C) or (D), which do not include any statutory minimum.  In Alleyne v. United States, 133 S. Ct. 2151 (2013), the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 133 S. Ct. at 2155.  The government concedes that Alleyne applies in this case, that the plea colloquy was deficient and that defendant is entitled to relief.  See Government's Response To Defendant's Motion Under 28 U.S.C. § 2255 (Doc. #2286) at 25-26.  The government asks the Court to vacate defendant's sentence and plea so that the parties can be returned to their pre-plea positions.  See id. at 27.  Defendant proposes that the Court vacate his

sentence and re-sentence him based on the guideline range that would have applied absent the statutory minimum.  See Traverse Brief In Support Of 2255 Motion (Doc. #2290) at 2, 11, 17-18. In light of the parties' agreement that defendant is entitled to relief from his sentence under 28 U.S.C. § 2255, the Court **VACATES** his sentence.

The parties filed their memoranda in this matter before the Court considered a similar issue at the sentencing of co-defendant David Hale on March 9, 2016.  The Court finds that further briefing would be helpful on the issue of how the Alleyne error in this case impacts the validity of defendant's plea and the scope of further proceedings.  On or before June 17, 2016, the parties are ordered to show cause why (1) the Court should not accept defendant's plea of guilty under 21 U.S.C. § 841(b)(1)(C) or (D),[1] (2) the Court should not reject the plea agreement because it is based on the mistaken premise that defendant would enter a plea of guilty to an offense under 21 U.S.C. § 841(b)(1)(A) with a statutory minimum term of 10 years in prison, (3) if the Court rejects the plea agreement, it should not give defendant the opportunity to withdraw his plea of guilty to Count 1,[2]

---

[1]     Although defendant unsuccessfully attempted to plead to an offense under 21 U.S.C. § 841(b)(1)(A) with a statutory minimum term of ten years in prison, it appears that he did in fact admit the essential elements of an offense under 21 U.S.C. § 841(b)(1)(C) or (D) with no statutory minimum.

[2]     Here, the plea agreement is under Rule 11(c)(1)(A) because it includes a government agreement to dismiss other counts.  When the Court rejects such an agreement, it must on the record and in open court:

(A) inform the parties that the court rejects the plea agreement;

(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement

(continued...)

and (4) if the Court rejects the plea agreement, it should not allow the government to proceed on Counts 79, 80, 81, 84, 96 and 97 of the <u>Superseding Indictment</u> (Doc. #462).  On or before July 8, 2016, the parties may file response briefs.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Vacate, Set Aside, Or Correct Sentence / Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2255</u> (Doc. #2095) filed October 9, 2015 is **SUSTAINED**.  **The Court hereby vacates defendant's sentence.  On or before June 17, 2016, the parties shall show cause in writing why (1) the Court should not accept defendant's plea of guilty under 21 U.S.C. § 841(b)(1)(C) or (D), (2) the Court should not reject the plea agreement because it is based on the mistaken premise that defendant would enter a plea of guilty to an offense under 21 U.S.C. § 841(b)(1)(A) with a statutory minimum term of 10 years in prison, (3) if the Court rejects the plea agreement, it should not give defendant the opportunity to withdraw his plea of guilty to Count 1, and (4) if the Court rejects the plea agreement, it should not allow the government to proceed on Counts 79, 80, 81, 84, 96 and 97 of the <u>Superseding Indictment</u> (Doc. #462).  On or before July 8, 2016, the parties may file response briefs.**

Dated this 26th day of May, 2016 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge

---

[2](...continued)
contemplated.

Fed. R. Crim. P. 11(c)(5).